### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARNER BROS. RECORDS, INC., *et al.*,   )<br>   )<br>                    Plaintiffs,   )<br>   )<br>v.                                                                     )<br>   )<br>TALLIE STUBBS,   )<br>   )<br>                    Defendant.   ) | Case No. CIV-06-793-M |

### **ORDER**

Before the Court is "Plaintiffs' Renewed Motion to Dismiss Counterclaim" [docket no. 29], filed March 28, 2007. On May 10, 2007, Defendant filed her response, and on May 29, 2007, Plaintiffs filed a reply. Based upon the parties' submissions, the Court makes its determination.

### I.    INTRODUCTION

On July 25, 2006, Plaintiffs filed this action against Defendant alleging that she had infringed their copyrights by unlawfully downloading music to which they owned the copyrights. On October 23, 2006, Defendant filed an answer and counterclaim denying that she infringed Plaintiffs' copyrights and seeking a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiffs moved to voluntarily dismiss their claims against Defendant and to dismiss Defendant's counterclaim against them for lack of subject matter jurisdiction. The Court granted Plaintiffs' motion to dismiss their claims against Plaintiff, but, having found an independent jurisdictional basis for Defendant's counterclaim to remain pending under the Declaratory Judgment Act, declined to dismiss Defendant's counterclaim.

### II.   DISCUSSION

A jurisdictional predicate to the maintenance of a declaratory judgment counterclaim is that there exists an "actual controversy" between "interested" parties. *See* 28 U.S.C. § 2201(a). "Actual

controversy" in this context is the same as an Article III case or controversy. *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007) (citing *Aetna Life Ins. v. Haworth, et al.*, 300 U.S. 227, 239-41 (1937)). As such, a party seeking a declaratory judgment must show that "under 'all the circumstances' an actual or imminent injury caused by the [Plaintiffs] that can be redressed by judicial relief is of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment'." *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007)). Not only must the dispute exist at the commencement of the litigation, the "actual controversy must be extant at all stages of review not merely at the time the complaint is filed." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

The burden is on the party seeking a declaratory judgment "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [counterclaim] was filed." *Super Sack Mfg. Corp.*, 57 F.3d at 1060. To satisfy its burden, the party must show not only a reasonable apprehension of an infringement, but also an "imminent" infringement suit. *Teva Pharms. U.S.A., Inc.*, 482 F.3d at 1333; *Steelco v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

A party defending against a declaratory judgment action can divest the trial court of jurisdiction by covenanting not to sue. *See Super Sack*, 57 F.3d at 1058-60; *see also Lifetime Prods., Inc. v. Correll, Inc.*, 323 F. Supp. 2d 1129, 1151 (D. Utah 2004). The "residual possibility" of future infringement based on future acts of Defendant "is too speculative a basis for jurisdiction over [Defendant's] counterclaim for declaratory judgment . . . ." *Id.* at 1160.

In the instant motion, Plaintiffs covenant not to pursue their claims against Defendant.

Specifically, "Plaintiffs covenant not to pursue claims against Defendant for infringement of the sound recording copyrights in the recordings listed in Exhibit B to the Complaint based on Defendant's use of the online media distribution system known as Kazaa to upload or download the Recordings prior to the date on which she was served with Plaintiffs' Complaint for Copyright Infringement." Plaintiffs' Motion at 4.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs' covenant not to sue removes any reasonable apprehension that Defendant will be sued with regard to Plaintiffs' claims at issue here. Accordingly, the Court finds that Defendant's counterclaim should be dismissed for lack of subject matter jurisdiction. *Lifetime Products, Inc.*, 323 F. Supp. 2d at 1151. The Court further finds that such dismissal should be with prejudice. *Id.* (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995)).

III.   CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS "Plaintiffs' Renewed Motion to Dismiss Counterclaim" [docket no. 29] and DISMISSES Defendant's counterclaim with prejudice for lack of subject matter jurisdiction. This Order effectively terminates this action in this Court.

**IT IS SO ORDERED this 2nd day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE