IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Warner Bros. Records Inc., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| Tallie Stubbs, | § | |
| | § | |
| Defendants. | § | **Case No. CIV-06-793-VML** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT TALLIE STUBBS' MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT OF AWARD OF COSTS AND ATTORNEYS' FEES**

July 16, 2007                    Marilyn D. Barringer-Thomson
                                 Warren Henson, III
                                 ***Counsel for Defendant Tallie Stubbs***

## TABLE OF CONTENTS

I.      Preliminary Statement ........................................................................................ 1

II.     Litigation History Supports An Award of Costs and Attorneys' Fees Under the Copyright
        Act to Defendant Mrs. Tallie Stubbs As the Prevailing Party ......................................... 1

        A.      Plaintiffs' Pre-Suit Investigation, Plaintiffs' July 25, 2006 Complaint [Docket No.
                1], August 24, 2006 Plaintiffs' First Motion to Dismiss [Docket No. 12], Court's
                March 13, 2007 Order Granting Plaintiff's Motion to Dismiss Without Prejudice
                and Denying Plaintiffs' Motion to Dismiss as to Defendant's Counterclaims .... 1

III.    Copyright Act Provisions ................................................................................. 4

IV.     Plaintiffs' Covenant Not to Sue Is Tantamount to the Dismissal With Prejudice Sought
        by Defendant Mrs. Stubbs Immediately After Being Served with a Summons and
        Complaint And Continuing In Response to Plaintiffs' First and Renewed Motion to
        Dismiss ........................................................................................................... 5

V.      April 2007 Deposition Testimony of Plaintiffs' Expert Witness David Kent Meyers On
        the Issue of Covenant Not to Sue in *Capitol Records, et al. v. Debbie Foster*, Case No.
        Civ-04-1569-W ............................................................................................ 10

VI.     The Copyright Act Authorizes the Court to Award Attorneys' Fees to the Prevailing
        Party Defendant ........................................................................................... 15

VII.    Conclusion ................................................................................................. 25

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                       <u>Page</u>

*Fogerty  v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 1127 L.Ed. 2d 455,
___ (1994) ................................................................................................................ 7

*Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3rd Cir. 1986) ............................ 7

*Twentieth Century Fox Film Corp. v. Entertainment Distributing, et al.,*
429 F.3d 869 883-884 (9th Cir. 2005) ............................................................... 7

*Newborn v. Yahoo! Inc. and Google Inc,* 391 F. Supp.2d 181 (D.D.C. 2005) ............................. 8

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. —, —, 1125 S.Ct. 2764, 2776,
162 L.Ed. 2d 781 (2005) ......................................................................................... 9

*Arista Records,* 2002 WL 1997918, at *5 (quoting *Sony Corp. of Am. v. Universal City Studios*,
464 U.S. 417, 436,  104 S.Ct. 774, 78 L.Ed.2d 574 (1984) ........................................ 9

*Newborn v. Yahoo! Inc. and Google Inc.,* ___F. Supp.2d__, 2006 WL1409769
(D.D.C.  5-23-06). ........................................................................................... 10

*Diamond Star Bldg. Corp. v. Sussex, Co. Builders*, 30 F.3d 503, 506 (4th Cir. 1994) ................ 11

*Assessment Technologies of WI, LLC v. Wiredata, Inc.,* 361 F.3d 434 (7th Cir. 2004) .............. 11

*Mathias v. Accor Economy Lodging, Inc.,* 347 F.3d 672, 677 (7th Cir.2003) ........................... 12

*Gonzales v. Transfer Technologies, Inc.*, 301 F.3d at 610 ........................................ 12

*Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1432 (9th Cir.1996) ........................................ 12

*Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir.1994) ................................. 12

*Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824-825 (7th Cir. 2005) ................... 13

*Lowe v. Loud Records, et al.,* 126 Fed. Appx. 545 (3rd Cir. 2005) ............................................. 13

*Maverick Boat Co. v. American Marine Holdings, Inc.,* 418 F.3d 1186, 1192 (11th Cir. 2005) . 13

*Garcia-Goyco, et al. v. Law Environmental Consultants, Inc.,* 428 F.3d 14, 21 (1st Cir. 2005) . 14

*Baker v. Urban Outfitters, Inc.*, - - -  F. Supp.2d - - -, 2006 WL 1234966 (S.D.N.Y. 5-8-06)   .. 14

*Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir.1995) ........................................... 15

*Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 121 (2d Cir.2001)  ......................... 15

*Earth Flag Ltd. v. Alamo Flag Co.,* 154 F.Supp.2d 663, 666 (S.D.N.Y.2001) .......................... 15

*Adsani v. Miller,* No. 94 Civ. 9131, 1996 WL 194326, at *12-13,
      1996 U.S. Dist. LEXIS 13740, at *41-42 (S.D.N.Y. Sept. 19, 1996) ............................. 15

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ..................... 18

*Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.,* 246 F.3d 142, 150 (2d Cir.2001) ........... 18

*Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 Civ. 0996, 2004 WL 1542253,
      at *5, 2004 U.S. Dist. LEXIS 12760, at *15 (S.D.N.Y. July 9, 2004)  ......................... 18

*City of Burlington v. Dague* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) ........ 18

*Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir.1994) ......................................................... 18

*Granada Sales Corp. v. Aumer,* No. 02 Civ. 6682, 2003 WL 21383821, at *3-4, 2003
      U.S. Dist. LEXIS 10400, at *10 (S.D.N.Y. June 2, 2003) .............................................. 18

*Webloyalty.Com, Inc. v. Consummer Innovations*, LLC, 388 F.Supp.2d 435 (D. Dela. 2005). .. 19

*Frank Music Corp. v. Sugg,* 393 F. Supp.2d 1145 (W.D. Okla. 2005)  ...................................... 19

*Palladium Music, Inc.v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) ................ 19

*United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991) ............................ 20

*Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986) .......................................................... 20

## Federal Statutes

17 U.S.C.  § 505 Copyright Act ..................................................................................................... 10
28 U.S.C. § 1927 ........................................................................................................................... 10

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Warner Bros. Records Inc., *et al.*, | § | |
| Plaintiffs, | § | |
| vs. | § | **Case No. CIV-06-793-VML** |
| Tallie Stubbs, | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT TALLIE STUBBS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS**

**I.    Preliminary Statement**

The Court should determine that Defendant Mrs. Tallie Stubbs is entitled to an award of attorneys' fees under the Copyright Act and other statutes cited herein under the facts and circumstances of this case.

The undisputed evidence shows that Defendant Mrs. Tallie Stubbs is the prevailing party and did not infringe on any of the plaintiffs' copyrights. An award of attorneys' fees compensates the prevailing party and penalizes the losing party. Nimmer on Copyright § 14.10[D], at ___ (Matthew Bender & Co., Inc. 2006).

**II.    Litigation History Supports An Award of Costs and Attorneys' Fees Under the Copyright Act to Defendant Mrs. Tallie Stubbs As the Prevailing Party**

    **A.    Plaintiffs' Pre-Suit Investigation, Plaintiffs' July 25, 2006 Complaint [Docket No. 1], August 24, 2006 Plaintiffs' First Motion to Dismiss [Docket No. 12], Court's March 13, 2007 Order Granting Plaintiff's Motion to Dismiss Without Prejudice and Denying Plaintiffs' Motion to Dismiss as to Defendant's Counterclaims**

On July 25, 2006, Plaintiffs filed their Complaint against Defendant Mrs. Stubbs for

copyright infringement. [Doc.1].   On August 3, 2006, Plaintiffs served the Defendant with a summons and complaint. Doc. 8 (8-18-06 Plaintiffs' return of service on Mrs. Tallie Stubbs).

At the time of the filing of the Complaint on July 25, 2006 and at the time of service upon Defendant Mrs. Stubbs on August 3, 2006, the Plaintiffs' knew or had reason to know that Mrs. Stubbs did not violate their copyrights by downloading music:

Plaintiffs' lead counsel Holme Roberts & Owens wrote a letter dated June 21, 2006 to Mrs. Tallie Stubbs demanding payment for alleged infringement and encouraging Mrs. Stubbs to consult with an attorney immediately. *Defendant's Exhibit 1* (6-21-06 Holme Roberts & Owens letter to Mrs. Stubbs).

Defendant Mrs. Stubbs consulted with Oklahoma City attorney Mr. Klint Cowan and thereafter Mrs. Stubbs mailed her July 7, 2006 written response to Plaintiffs' June 21, 2006 demand letter to Plaintiffs' lead counsel Holme Roberts & Owens by certified mail with return receipt requested. Mrs. Stubbs stated as follows:

> On advice of counsel, I write to inform you that *I did not download any copyrighted files*. As you are aware, you hold the burden of proof to show that I violated your copyright. *Any downloading which may have occurred was not done on my computer, and was not done by me.* I do not believe you will be able to meet your burden of proof, and I am not interested in settling. *As your letter provides no detailed information and I do not know what was supposedly downloaded or when*, please provide me with a copy of the complaint that is being filed against me personally so I can review that information with my attorney.
> *Defendant's Exhibit 5* (7-7-06 letter with attached certificate of service)(emphasis added). *See,* Doc. 11 (Answer with counterclaims and supporting evidence, Exhibit Nos._1-11).

In a August 4, 2006 letter to Mrs. Stubbs, Plaintiffs' lead counsel Holme Roberts & Owens responded to Mrs. Stubbs' July 7, 2006 letter. As of August 4, 2006, Plaintiffs' lawsuit

against Mrs. Stubbs was filed July 25, 2007 for alleged unlawful downloading and served by Plaintiffs upon Mrs. Stubbs on August 3, 2006.

Prior to filing an answer and counterclaims, on August 21, 2006, Mrs. Stubbs' counsel submitted written inquiry to Plaintiffs' as to what relief Plaintiffs seek from Mrs. Stubbs. ***Defendant's Exhibits 1-11)***.

Rule 4(m) of the Federal Rules of Civil Procedure provides  one-hundred and twenty (120) days for effectuation of service on Mrs. Stubbs.  Fed. R. Civ. Pro. R. 4(m)(Time Limit for Service). Plaintiffs should have waited to serve Defendant Stubbs until they completed their investigation in light of the 120 day period for service and ability to extend the time to effectuate service.

Plaintiffs should not have filed this case against Mrs. Stubbs.

Assuming *in arguendo* that Plaintiffs had any reason to believe that Mrs. Stubbs engaged in unlawful downloading of copyrighted music, Plaintiffs failed to timely act to (continue) investigation into the impropriety of their suit against Mrs. Stubbs after Plaintiffs' lead counsel received Mrs. Stubbs' July 7, 2006 letter. Plaintiffs actions in this case show that they intentionally caused Mrs. Stubbs to retain litigation counsel for the purpose of filing her answer and counterclaims with supporting evidence.

III.    **Copyright Act Provisions**

Section  505 of the Copyright Act provides:

In any civil action under this title, the court in its discretion may allow the *recovery of full costs by or against any party* other than the United States or an officer thereof.  Except as otherwise provided by this title, *the court may also award a reasonable attorney's fee to the prevailing party as part of the costs*.

17 U.S.C. § 505 (2007)(emphasis added).

Section 505 supports an award of attorneys' fees and costs to Mrs. Stubbs. Moreover, the Court should hold that Section 512(f) mandates that Mrs. Stubbs is entitled to recover damages, including costs and attorneys' fees, incurred by her arising from Plaintiffs allegations that she was an infringer of their copyrights. Section 512(f) provides:

> (f) Misrepresentations.--Any person who knowingly materially misrepresents under this section--
> **(1)** *that material or activity is infringing*, or
> **(2)** that material or activity was removed or disabled by mistake or misidentification,
> *shall be liable for any damages, including costs and attorneys" fees*, *incurred by the alleged infringer*, by any copyright owner or copyright owner's authorized licensee, or by a service provider, *who is injured by such misrepresentation*, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it
> 17 U.S.C.§ 512(f)(2007)(emphasis added).

***Defendant's Exhibits 1-11***. *Online Policy Group v. Diebold, Inc.,* 337 F. Supp.2d 1195, 1202 (N.D. Cal. 2004)(Any person who sends a cease and desist letter with knowledge that claims of infringement are false may be liable for damages.).

**IV.    Plaintiffs' Covenant Not to Sue Is Tantamount to the Dismissal With Prejudice Sought by Defendant Mrs. Stubbs Immediately After Being Served with a Summons and Complaint And Continuing In Response to Plaintiffs' First and Renewed Motion to Dismiss**

Plaintiffs' filed a (first) motion to dismiss without prejudice on August 24, 2006. Defendant Mrs. Stubbs filed her opposition papers (Docket No. 16) in response to Plaintiffs' (first) motion to dismiss and (continued her requests for relief for attorneys' fees and costs as set forth in her answer and counterclaims including but not limited to pursuant to Fed.R.Civ. P. 56;

4

17 U.S.C.§ 505; 17 U.S.C. §512(f); Fed.R. Civ. P. 41; Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

On March 13, 2007, the Court granted Plaintiffs' motion to dismiss without prejudice Plaintiffs copyright infringement claims allegedly committed by Defendant Mrs. Stubbs and denied Plaintiffs' motion to dismiss Defendant Mrs. Stubbs' counterclaims. Doc. 25.

A covenant not to sue is defined as: "A covenant by one who had a right of action at the time of making it against another person, by which he agrees not to sue to enforce such right of action. Black's Law Dictionary 329 (5th ed. 1979). Under Oklahoma law, " . . . a contract consists not only of agreements which the parties have expressed in words but also of obligations which are reasonably implied . . ." *Black v. Baker Oil Tools, Inc.*, 107 F.3d 1457, 1461 (citations omitted). "A contract is either express or implied." 15 Okla. Stat. §131 (2007). "An implied contract is one, the existence and terms of which are manifested by conduct." 15 Okla. Stat.§ 133 (2007). In Oklahoma, normally the issue of whether an implied contract exists is factual. *Black,* 107 F.3d at 1461.

In the instant case, on March 28, 2007, Plaintiffs disingenuously and  unilaterally filed a "renewed" motion to dismiss informing both Defendant Mrs. Stubbs and the Court of their new offer of a covenant not to sue the Tallie Stubbs. Plaintiffs' second motion was merely an attempt to divest the Court of its continued jurisdiction over Mrs. Stubbs' entitlement and eligibility to be awarded attorneys' fees, costs and expenses under the Copyright Act (and Declaratory Judgement Act).  Plaintiffs state that there no case or controversy exists between Plaintiffs and Mrs. Stubbs and thereby implicitly admit that Defendant's eligibility and entitlement to Copyright Act attorneys' fees and costs. Plaintiffs' Motion, Doc. 29, at 2, ¶ 1.  Plaintiffs' second

motion to dismiss at page 2 alleged, in pertinent part: ". . . ***Plaintiffs now covenant not pursue claims against Defendant for infringement of the sound recording copyrights*** in the recordings listed in Exhibit B to the Complaint ***based on Defendant's use of the online media distribution system*** known as Kazaa ***to upload or download*** the Recordings prior to the date on which she was served with Plaintiffs' Complaint for Copyright Infringement."3-28-07 Plaintiffs' Second Motion to Dismiss, Doc. No. 29, at 2. In the renewed motion, Plaintiffs did not propose that the Plaintiffs and the Defendant Stubbs each should bear the attorneys' fees and costs arising from Plaintiffs (unfounded) lawsuit against the Defendant Stubbs. *See*, Pltfs' Second Motion, Doc. No. 29, at 1-5.

On May 10, 2007, Defendant Stubbs filed her response papers to Plaintiffs' motion and continued to request that the Court grant her attorneys' fees, costs and expenses, Doc. No. 42.

On July 2, 2007, the Court granted Plaintiffs' motion to dismiss counter claim *(sic)*. [Doc. No. 50]. The Court dismissed all Defendant's counter claims with prejudice for lack of subject matter jurisdiction.  Doc. No. 7-2-07 Order, at 3.

The Court did not make any findings regarding Defendant's request for relief for attorneys' fees, costs and expenses under the Copyright Act or any other statute. *Schwarz v. Folloder,* 767 F.2d 125, 127 (5th Cir. 1985)(generally, awards of costs and attorney's fees, like other aspects of trial management, are entrusted to the sound discretion of the trial court; however, in ruling on motions for costs and attorney's fees the district court cannot act arbitrarily and at a minimum the district court must listen to a party's arguments and give reasons for its decision.). The Fifth Circuit has held that a dismissal with prejudice is tantamount

to a judgment on the merits and the defendant was clearly a prevailing party. *Schwarz,* at 130.
Defendant Mrs. Stubbs is a prevailing party pursuant to Fed. R. Civ. P. 54.  *See,* Fed.R.Civ.P.
56(b); (d); (g)(motion for summary judgment and case not fully adjudicated on summary
judgment).

The Court in *Capitol Records, et al. v. Debbie Foster,* Case No. Civ-04-1569-W, held
that by dismissing their claims with prejudice, the plaintiffs waive any right to damages arising
from the acts at issue in their complaint. ***Defendant's Exhibit 1***(7-13-06 Order in favor of
Foster, at 4 (citations omitted). ***"For all practical purposes, the dismissal serves as a judgment
on the merits." Defendant's Exhibit 1*** (7-13-06 Order in favor of Debbie Foster, at 4 (*citing
Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir. 1985); *Israel v. Carpenter,* 1120 F.3d 361, 365
(2nd Cir. 1997); *County of Santa Fe,* 311 F.3d at 1048-49; *Aero Tech, Inc. v. Estes*, 110 F.3d
1523, 1528 (10th Cir 1997); *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir. 1964); *Cantrell v.
International Brotherhood of Electrical Workers, AFL-CIO, Local 2021,* 69 F.3d 456, 458 (10th
Cir. 1995)) because it will serve as res judicata to any further action, defendant cannot be made
to defend again, and a dismissal with prejudice is a complete adjudication of the issues presented
by the pleadings. The Court held that in light of Plaintiffs' dismissal with prejudice of their
claims against Debbie Foster, Debbie Foster could attain nothing by way of her declaratory
judgment claim that she does not attain by virtue of the plaintiffs' dismissal with prejudice.
***Defendant's Exhibit 1***, at 4.

In the instant case, the Court, like the Court in Debbie Foster's case, held that Plaintiffs'
covenant not to sue removes any reasonable apprehension that Defendant Tallie Stubbs will be

sued with regard to Plaintiffs' claims at issue here. July 2, 2007 Order, at 2.

A district court may condition a dismissal with prejudice (covenant not to sue) upon plaintiffs' payment of defendant's attorneys' fees in exceptional circumstances, such as where plaintiffs make a practice of repeatedly bringing claims and them dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system. *Defendant's Exhibit 1* (7-13-06 Order, at 4-7 entered in *Capitol Records, et al. v. Debbie Foster*, Case No. Civ-04-1569-W). The United States Supreme Court has defined a prevailing party as one who has been awarded some relief on the merits by the court. *Defendant's Exhibit 1* (7-13-06 Order, at 6 entered in *Capitol Records, et al. v. Debbie Foster*, Case No. Civ-04-1569-W) *citing Buckhannon Board and Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources*, 532 U.S. 598, 603-04 (2001); *Farrar v. Hobby*, 506 U.S. 103, 109-111 (1992); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). The Supreme Court determined that to be a prevailing party under 42 U.S.C. 1988, a party must be able to point to a resolution of the dispute which changes the legal relationship between the parties. *Defendant's Exhibit 1*(7-13-06 Order, at 6 entered in *Capitol Records, et al. v. Debbie Foster*, Case No. Civ-04-1569-W)(citations omitted)("In other words the 'touchstone of the prevailing party inquiry must be the material alternation of the legal relationship of the parties.'").

The District Court's holding in favor of Deborah Foster applies and provides further support for the Court's award of attorneys' fees and costs under the Copyright Act to Defendant Mrs. Stubbs:

> Because this Court finds that the plaintiffs' voluntary dismissal with prejudice
> serves as a complete adjudication of the issues set forth in their complaint and

acts as a bar to further action on their claims, ***the court concludes the matter has been finally adjudicated in the defendant's (Deborah Foster) favor. Such a final adjudication represents a judicially sanctioned material alteration in the legal relationship between Deborah Foster and the plaintiffs. Ms. Foster is therefore the prevailing party for purposes of the Copyrights Act***.

**Defendant's Exhibit 1** (7-13-06 Order, at 6 entered in *Capitol Records, et al. v. Debbie Foster*, Case No. Civ-04-1569-W)(emphasis added).

**V.    April 2007 Deposition Testimony of Plaintiffs' Expert Witness David Kent Meyers On the Issue of Covenant Not to Sue in *Capitol Records, et al. v. Debbie Foster*, Case No. Civ-04-1569-W**

Plaintiffs ("RIAA") presented David Kent Meyers (of the firm of Crowe & Dunlevy) to testify as their expert witness with regard to Deborah Foster's application for attorneys' fees and costs under the Copyright Act. Mr. Meyers testified, in relevant part, as follows:

Page 81, Line 7-12   Q    (By Ms. Thomson)  No.  Wouldn't you want a dismissal with prejudice if you had been involved in litigation for more than -- for almost a year, for close to  a year, and the other side, whether they are plaintiff or defendant, knew that you hadn't done anything or had reason to believe that you weren't a wrongdoer? . . .

Page 81,L23-25 A     There are lots of ways a case can be dismissed or go away without a dismissal with prejudice.  ***For instance, an off the record -- but not off the record but between the***

Page 82, L 1-9 ***parties a covenant not to sue.  The party comes out the same  way without a dismissal with prejudice***.  So I'm unwilling to  say a dismissal with prejudice is the only way this caseought to have been resolved.  It could have been resolved in a number of different ways without using, quote, a dismissal with prejudice. I don't have an opinion about what the parties -- either party should have done at any stage in settlement  negotiations as that was not my charge.
***Page 82, L10 -11  Q    When a party is dismissed without prejudice, that means they can be sued again on the same case; right?***
***Pg. 82,m L 12     A   It can mean that.***
***L13 Q    They can be sued again.***
***14     A   It can mean that.  Doesn't necessarily have to***
***15  mean that but it can mean that.***
16     Q    Without prejudice can mean that you can be sued --
17     A    Correct. . . .

20    Q   And the time period in Oklahoma for filing a new
21  action, what is that, from the date of the dismissal without
22  prejudice?
23    A  I thought it was ***one year.***
24    ***Q  And that's provided by Oklahoma statutes; right?***
25    ***A  I believe so.***

83, L1 . . .

16    Q   Then why would the -- how would the plaintiffs
17  benefit from obtaining a dismissal without prejudice of
18  Deborah Foster?
19        MR. GABRIEL:  Objection.  Lack of foundation.
20  Not --
21        THE WITNESS:  How would --
22        MR. GABRIEL:  Not reasonably calculated to lead to
23  the discovery of admissible evidence.
24        THE WITNESS:  How would the plaintiffs benefit?
25    Q   (By Ms. Thomson)  How would these plaintiffs in

84

1  this copyright case against Deborah Foster benefit by a
2  dismissal without prejudice of their claims against Deborah
3  Foster?
4    ***A  I don't know.***  The ***plaintiffs had a lot of cases***
5  ***going on in a lot of places for which they would have***
6  ***knowledge and I wouldn't.***  They would have had things going
7  on in this case about which I would have no knowledge.  And
8  as somebody said one time, that's why they make all those
9  different kinds of Jell-O.  Everybody looks at things a
10  little differently and everybody likes different things, and
11  I can't say what would be better or worse for the plaintiff
12  or what would be better or worse for the defendant.
13       I'll ultimately be sorry I used that Jell-O
14  analogy.

***

128

15    Q   Do you have some confusion in your opinion as to
16  why we would not agree to the motion to dismiss -- the
17  motions to dismiss that were proposed by the plaintiffs in
18  this case for Deborah Foster? . . .
20       ***THE WITNESS:  Only confusion as to one, and that***
21  ***was the final one where it was a motion to dismiss with***
22  ***prejudice as to Debbie Foster.  That to me should have been***
23  ***the end of the case.***

10

**24      Q     (By Ms. Thomson)  Did they agree to pay fees when**
**25  they filed their motion to dismiss?**

129

**1      A    I didn't see that they did; but by the same token,**
**2  that didn't mean that you weren't entitled to seek them.**
3  You could have agreed to the motion for dismissal without
4  prejudice and still sought your fees.
5      Q    Without prejudice now?
6      A   I'm sorry.  With prejudice.  Did I say without?
7      Q    That's provided that the plaintiffs' counsel
8  agreed to let us do that. . . .
**16      Q     (By Ms. Thomson)  Aren't you making an assumption**
**17  that the plaintiffs' counsel would allow us to recover the**
**18  fees?**
19          MR. GABRIEL:  Object to form.  Lack of foundation.
20          THE WITNESS:  May I ask a question about what you
21  are assuming?  A dismissal with prejudice or without
22  prejudice?
23      Q    (By Ms. Thomson)  With prejudice.
24      A    Good because that's what I meant to say; and if I
25  said otherwise, I misspoke.  But with prejudice, you could

130

1  have agreed to that motion and still sought fees.
2      Q    In your opinion?
3      A    Yep.
4      Q    And how would you do that?
**5      A    Have the case dismissed with prejudice?  By**
**6  agreement, no mention of fees one way or the other, top,**
**7  side or bottom, and then ask the court to -- file a motion**
**8  to ask the court to declare you the prevailing party and**
**9  award a reasonable attorneys' fee because you won.  I've**
**10  done that.**
11      Q    And you think the plaintiffs are doing that now
12  with other -- with other defendants?
13      A    The only case --
14      Q    In cases like this?
15      A    The only case I know about with these plaintiffs
16  is this one we're talking about today.  I don't know what
17  they are doing anywhere else with anybody else.
18      Q    So you're making an assumption that they would
19  have agreed to that?
20      A   No.

11

21      MR. GABRIEL:  Object --
22      *THE WITNESS:  I would be happy to assume they*
23  *would dispute it, but I think they would have lost it.  I*
24  *believe Judge West would have found Debbie Foster to be the*
25  *prevailing party and entitled to fees.*

                                131

1    Q   (By Ms. Thomson)  He did do that whenever they
2  would move for dismissal with prejudice.
3    A   That's what I'm assuming.
4    Q   Finally.
5    A   That's what I'm -- all of these assumptions --
6    Q   After two years of litigation.
7    A   All of these answers I'm giving you are on the
8  assumption it is a dismissal with prejudice.
9    Q   Why did you make that assumption?  And not
10  "without prejudice"?
11     A   Well, I'm not sure that you're a prevailing party
12  if it's dismissed without prejudice.
13     Q   So is it your opinion, then, that because we
14  objected to the dismissal with prejudice so that we would be
15  able to recover attorneys' fees, that our fees should be
16  reduced? . . .
19      THE WITNESS:  I have covered that in my report.
20  That's --
21    Q   (By Ms. Thomson)  Tell me what your opinion is.
22     A   My opinion is that, yes, you should not have
23  objected to it, and you -- and that your fees should not be
24  reduced because you did object.  Just the time you spent
25  doing it should not be compensable.  You could have gotten

                                132

1  fees without ever doing that.
2    Q   In your opinion.
3    A   That's what I'm rendering.
4    Q   Isn't this sort of like Monday -- or Sunday night
5  quarterbacking?
6    A   Absolutely.  Absolutely is.  That's what expert
7  opinions after the fact do.  It happens to me all the time.


    Defendant Stubbs' Answer and Counterclaims with supporting evidence were not

disputed by Plaintiffs.  On August 24, 2006, Plaintiffs' filed their first motion to dismiss,

wherein they sought a dismissal without prejudice.[Doc. 12].On September 11, 2006, Defendant

filed her brief in opposition to Plaintiffs' first motion to dismiss without prejudice, Doc. 16.

Defendant specifically sought a dismissal of Plaintiffs' claims *with prejudice* upon the following

*terms and conditions*: a finding of non-infringement by Defendant; a finding that Defendant is

the prevailing party under the Copyright Act; and, the payment by Plaintiffs of Defendant's

attorneys' fees, costs and expenses. 17 U.S.C. § 505 (2006); 17 U.S.C. § 512(f)(2006),

Fed.R.Civ.P. 41, Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (2006). *Brown v. Baeke*, 413 F.3d

1121, 1123-1124 (10th Cir. 2005); *Morris v. Long,* 233 F.R.D. 620 (W.D. Okla. 6-27-05).

Defendant's Brief, Doc. 16 at 2, ¶ 1.

Defendant Stubbs' answer includes affirmative defenses and counter claims. Defendant

asserted the affirmative defense that she is not a necessary and proper party and that Plaintiffs

had sued the wrong person. Plaintiffs' claims for copyright infringement by Mrs. Stubbs are

remarkably similiar to those asserted by Plaintiffs' against Debbie Foster. Plaintiffs knew or had

reason to know that they sued the wrong person prior to suing Defendant Mrs. Tallie Stubbs (and

Debbie Foster). [1]

Pursuant to 28 U.S.C. § 1746, Defendant Mrs. Stubbs declared on August 23, 2006 under

penalty of perjury, in pertinent part:

   ¶ 5.  I wrote a letter dated July 7, 2006 to Plaintiffs' attorney  . . . and told him
   that: a.  'I did not download any copyrighted files. b. "Any downloading which

---

[1]Stubbs requests the Court take judicial notice of the Honorable Judge Lee West's orders and the
declarations of Debbie Foster aka Deborah Foster in *Capitol Records, et al.  v. Debbie Foster,*
Case No. Civ-04-1569-W, in the U.S. District Court for the Western District of Oklahoma
wherein Debbie Foster's costs and attorneys' fee application under the Copyright Act is pending
decision by Judge West.

may have occurred was not done on my computer, and was not done by me. . . .
On July 9, 2006, I also transmitted the July 7, 2006 letter by email to Plaintiffs'
settlement office . . . ¶ 6.  I have no knowledge of KaZaa. ¶ 7. I was and continue
to be without knowledge of how to download music off of the internet."

***Defendant's Exhibit 6 8-23-06 Declaration; see Defendant's Exhibits 4; 5; 8;9; 10; 11***; *See*
Defendant's 8-23-06 Answer with Counterclaims, Doc. 11 (Stubbs' 8-23-06 declaration was
filed as Defendant's Exhibit 3).

## VI.    Copyright Act Authorizes the Court to Award Attorneys' Fees to Prevailing Party Defendant

"Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees

are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v.*

*Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 1127 L.Ed. 2d 455,(1994). An

evenhanded standard requires application of nonexclusive factors which are faithful to the

purpose of the Copyright Act as applied to prevailing plaintiffs and prevailing defendants in an

even handed manner by the district court in exercise of its equitable discretion.

The nonexclusive factors include frivolousness, motivation, objective unreasonableness

(both in the factual and in the legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. 535,

fn. 19 *citing Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3rd Cir. 1986).

A district court may rely on its earlier findings and orders in this case to support its fee

award and such findings and orders are sufficient reasons under the Copyright Act. *Twentieth*

*Century Fox Film Corp. v. Entertainment Distrib.,*429 F.3d 869 883-884 (9th Cir. 2005)(the

district court incorporated its earlier findings into its fee award and provided a sufficient basis to

determine that it considered the factors listed in *Fogerty*). Defendant Stubbs'fee award for

counterclaims involve a common core of facts and are based on related *legal issues and are*

recoverable. *Twentieth Century Fox, at 884-885.   "Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war.   Lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough...." Id.*, at 884 (citing *Cabrales,* 935 F.2d at 1053). "We see no abuse of discretion in the district court's decision to award Twentieth Century Fox Parties its fees for the prior summary judgment appeal." *Twenthieth Century Fox*, at 884.

District Courts may award otherwise non-taxable costs, including those that lie outside the scope of 28 U.S.C.§ 1920, under § 505. *Twenthieth Century Fox*, at 884-885.

In  *Newborn v. Yahoo! Inc. and Google Inc,* 391 F. Supp.2d 181 (D.D.C. 2005), Newborn owns and operates websites containing material allegedly subject to the Copyright Act and the Lanham Act and Yahoo and Google operate websites known as search engines a tool used to locate material on the internet. Yahoo and Google operate as a type of electronic library catalogue. Newborn alleged that Yahoo and Google violated the Copyright Act by knowingly making available in commerce to other a quantitatively substantial part of the copyrighted information on Newborn's websites. Yahoo and Google filed a motion to dismiss under FRCP 12(b)(6) and the Court granted the motion. Newborn (like the Plaintiffs in the instant case) relied on correspondence to the defendants to identify the infringed materials. The defendants sought dismissal of the action with prejudice because any amendment of the pleadings would be futile. Plaintiff did not respond to the contrary.  *Newborn*, at 191. The Court held that Newborn failed to identify the material or materials to which he claims have been infringed and merely directed the Court and the defendants to various letters sent to the defendants. The Court held that these

vague statements are simply insufficient to put the defendants on notice of the claims against them. The *Newborn* Court dismissed the action with prejudice.

> Moreover, it is not the defendants' burden to wade through various correspondence between the parties to determine which claims the plaintiff is asserting. This is even more true here, where the plaintiff concedes that some of the alleged infringing activity has stopped. . . and. . . it is unlikely that the plaintiff is asserting every allegation of infringement that was contained in an earlier correspondence. *Newborn*, at 188 (citations omitted).

The *Newborn* Court rejected plaintiff's attempt to place great weight on the fact that plaintiff notified defendants of the alleged copyright infringements to remove defendants from the protection of the safe harbor provisions of the Digital Millennium Copyright Act. *Newborn*, at 188, fn.7.

"One infringes contributorily by intentionally inducing or encouraging direct infringement . . . . Although '[t]he Copyright Act does not expressly render anyone liable for infringement committed by another,' the []doctrine[] of secondary liability emerged from common law principles and are well established in the law." *Newborn citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 1125 S.Ct. 2764, 2776 (2005). In order to establish a claim of contributory copyright infringement, the plaintiff must allege (1) direct infringement by a third party; (2) knowledge by the defendant that third parties were directly infringing; and (3) substantial participation by the defendant in the infringing activities. *Newborn,* 391 F. Supp. at 186 (citations omitted). Merely supplying the means to accomplish an infringing activity cannot give rise to the imposition of liability for contributory copyright infringement. *Newborn*, at 186 (citing *Arista Records,* 2002 WL 1997918, at *5 (quoting *Sony Corp. of Am. v. Universal City Studios*, 464 U.S. 417, 436,  104 S.Ct. 774, 78 L.Ed.2d 574 (1984).

> To establish the second-prong of the contributory copyright infringement
> analysis-the knowledge requirement-is satisfied 'in those cases where a party has
> been notified of specific infringing uses of its technology and fails to act to
> prevent further such infringing uses, or willfully blinds itself to such infringing
> uses.'

*Newborn,* at 186 (citations omitted).

> And to establish the third element of a contributory copyright infringement claim-
> that a defendant substantially participated in the infringing activity-a plaintiff
> must show 'a relationship between the . . . services provided by the defendant and
> the alleged infringing activity as opposed to the mere operation of the website
> businesses.

*Newborn,* at 186 (citations omitted).

In the case at bar, Plaintiffs' complaint alleged that defendant Stubbs (like D. Foster)

directly infringed their copyrights. Plaintiffs exclusive basis for filing a suit against defendant

alleging direct infringement was because defendant's name was on an account with Cox

Communications. Plaintiffs learned of Mrs. Stubbs representation by the same counsel who

represented D. Foster and decided to dismiss their case without prejudice. See, 17 U.S.C. § 505

(full recovery of costs and attorney's fees to prevailing party.

After *Newborn* I, the defendants Yahoo and Google moved the district court for

attorney's fees, expenses and costs pursuant to the Copyright Act, the Lanham Act, and 28

U.S.C. § 1927. *Newborn,* ___F. Supp.2d__, 2006 WL1409769 (D.D.C. 5-23-06). Yahoo and

Google argued that Newborn's copyright claim was objectively without merit and frivolous and

noted that plaintiff failed to allege any of the requisite elements of a copyright infringement

claim. Newborn opposed the attorney fee request and argued that he made numerous attempts to

resolve this matter outside of the Court, he reasonably believed that he had met the requirement

for filing a copyright claim, and he filed the action in good faith.  The District Court rejected Newborn's arguments and concluded that the defendants were entitled to reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.  "These deficiencies show that the plaintiff's complaint was both frivolous and objectively unreasonable and, therefore, that an award of reasonable attorney's fees and costs to the defendants is appropriate under 17 U.S.C. § 505. *See Fogerty*, 510 U.S. at 534 n. 19.  *Newborn v. Yahoo! Inc. and Google Inc.*, ___F. Supp.2d__, 2006 WL1409769 *3, *4. In *Newborn*, the District Court reviewed the record and noted numerous factual and legal deficiencies concerning the essential elements of Newborn's copyright claim. *See Diamond Star Bldg. Corp. v. Sussex, Co. Builders*, 30 F.3d 503, 506 (4th Cir. 1994)("[W]hen a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion.").

A.      **Considerations in Determining Whether to Award Attorneys' Fees to Prevailing Party in Copyright Case**

A nonexclusive laundry list of factors are relevant but none are a determinative guide to a Court in determining entitlement to an award of attorneys' fees as the prevailing party, Mrs. Stubbs.  *Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434 (7th Cir. 2004).

> The ***two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained***.  If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees. Cf. *Mathias v. Accor Economy Lodging, Inc.,* 347 F.3d ***672, 677 (7th Cir.2003).  But if at the other extreme the claim or defense*** was ***frivolous*** and the prevailing party obtained no relief at all, the case for awarding him ***\*437 attorneys' fees is compelling.***  As we said with reference to the situation in which

the prevailing plaintiff obtains only a small award of damages, "the smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees .... *[W]e go so far as to suggest, by way of refinement of the Fogerty standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees."* Gonzales v. Transfer Technologies, Inc., supra, 301 F.3d at 610; see also *Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1432 (9th Cir.1996). *When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. See Diamond Star Building Corp. v. Freed, 30 F.3d 503, 506 (4th Cir.1994). For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights*. . . . The point is only that *when a meritorious* claim or *defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious* claim or *defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. The best illustration is in fact a case like this, where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer no matter how costly it was for him to defend against the suit.*

*Assessment Technologies of WI,* 361 F.3d at 437 (emphasis added).   The Seventh Circuit

reasoned:

Although the *plaintiff managed to obtain a judgment* from the district court, and so we do not go so far as to call the suit frivolous, the suit was marginal, as we explained in our opinion.  The plaintiff was rather transparently seeking to annex a portion of the intellectual public domain. *And since the prevailing party was the defendant, it obtained no affirmative relief from its victory.  Unless a party in that situation has a prospect of obtaining attorneys' fees, it will be under pressure to throw in the towel if the cost is less than the anticipated attorneys' fees*.   We suggested in our opinion that "for a copyright owner to use an infringement suit to obtain property protection, here in data, that *copyright law clearly does not confer, hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively," could be a form of copyright misuse.* 350 F.3d at 647.  We did not reach the question whether the plaintiff's conduct rose to the level of actual copyright misuse, but we made clear that it came close, and an award of attorneys' fees to the defendant is an appropriate sanction.

*Assessment,* at 437 (emphasis added). Awarding attorney fees is appropriate because defendant could not obtain an award of damages from which to pay her lawyer no matter how costly it was for her to defend against the suit. *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824-825 (7th Cir. 2005)( *citing Assessment Technologies*, 361 F.3d at 437).[2]

There is no requirement of bad faith in determining whether to award attorneys' fees and costs to a prevailing defendant in a copyright action. *Lowe v. Loud Records, et al.,* 126 Fed. Appx. 545 (3rd Cir. 2005). Once a court concludes that an award of attorney's fees and costs is appropriate, it must determine the reasonableness of the award under the circumstances. *Lowe,* 126 Fed. Appx 545, at *2 (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986). The reasonableness may depend on such considerations as the complexity of the litigation, the relative financial strength of the parties, damages and the level of culpability of the offending party. *Lowe,* 126 Fed. Appx 545, at *2.

The district court can conclude that the losing party should pay even if all of the arguments it made were reasonable. *Garcia-Goyco, et al. v. Law Environmental Consultants, Inc.,* 428 F.3d 14, 21 (1st Cir. 2005)(aff'd district court's holding that fees were justified because plaintiffs misused the copyright to leverage their position with respect to the contract and

---

[2]

*See Assessment Technologies of WI, LLC v. Wiredata, Inc.,* 350 F.3d 640, 647 (7th Cir. 2003) (doctrine of misuse prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly). *See also, Maverick Boat Co. v. American Marine Holdings, Inc.,* 418 F.3d 1186, 1192 (11th Cir. 2005)(district court award of attorney's fees to prevailing defendants in action alleging infringement of manufacturer's boat design was warranted in view of manufacturer's careless conduct surrounding its registration of design with copyright office, manufacturer's decision to turn a blind eye to reasonable doubt surrounding validity of its registration, impact of manufacturer's conduct on defendant competitor's businesses, and defendants incurring substantial legal expenses as a result of defending manufacturer's claims.).

plaintiffs' copyright claim was otherwise not sufficiently strong to warrant the federal action, the purpose of the federal action being to bring state claims within the district court's jurisdiction). The First Circuit did not reach the issue of whether plaintiffs' misuse of a copyright is a defense to infringement. The First Circuit affirmed the district court's fee award to defendant and found that the district court was within its discretion in relying upon its own knowledge and experience regarding attorneys' rates and the local market. *Garcia-Goyco,* at 22 (citations omitted).

In the case at bar, Plaintiffs brought the federal action against Mrs. Stubbs (like Debbie Foster) merely to see whether she could identify any (potential) infringers of plaintiffs' copyrights. *Garcia-Goyco,* at 21.

In *Baker v. Urban Outfitters, Inc.,* - - -  F. Supp.2d - - -, 2006 WL 1234966 (S.D.N.Y. 5-8-06). Baker, a professional photographer, filed a copyright infringement action against Urban Outfitters, a picture frame manufacturer. Urban inadvertently used a single photo taken by Baker.  Upon being informed of Baker's claims Urban apologized for the mistake, voluntarily stopped selling the products at issue, and repeatedly offered to Baker settlements. Baker and his counsel decided to pursue expensive, time-consuming litigation and Urban filed a motion for costs and fees incurred in defending the action against Baker under the Copyright Act and Fed. R. Civ. P. 68, and against Baker's counsel under 28 U.S.C. § 1927 and the Court's inherent authority. The Court granted the motions. ***See, Def's Exhibits 8-11*** (Aug. 2006, Stubbs' counsel's written inquiry as to the relief and sums sought by Plaintiffs from Mrs. Stubbs.

Baker stipulated to the dismissal of his copyright infringement claims, his statutory damages claims under 17 U.S.C. § 504 and attorney's fees claims under 17 U.S.C.§ 505. *Baker*,

- - - F.Supp. 2d - - - , 2006 WL 1234966, at *1-2. In *Baker,* discovery proceeded with great difficulty and was prolonged and complicated by Baker's conduct.

In the instant case, defendant Stubbs responded to plaintiffs' written communications and plaintiffs decided to file a lawsuit, serve her with the lawsuit, and after receiving Stubbs' declaration filed on August 23, 2006 decided to dismiss their case without prejudice. Plaintiffs filed two motions to dismiss Mrs. Stubbs counterclaims. Plaintiffs filed three motions to dismiss Debbie Foster's counterclaims.

The *Baker* Court considered Section 505 of the Copyright Act and the equitable factors applicable in exercising its discretion.

> An award of attorney's fees and costs is not automatic but rather lies within the sole and rather broad discretion of the Court. *See, e.g., Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1011 (2d Cir.1995); *see also Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir.1986). **In exercising their discretion, courts generally consider a number of equitable factors**, including the non-prevailing party's frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), together with the need in particular circumstances to advance considerations of compensation and deterrence. *Lieb,* 788 F.2d at 156; *see also Fogerty,* 510 U.S. at 535 n. 19, 114 S.Ct. 1023 (citing *Lieb* factors with approval); *Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 121 (2d Cir.2001) (same).
>
> Of the above factors, **objective unreasonableness is one of the most significant factors** and, in the Second Circuit in particular, it is given substantial weight in determining whether fees are warranted. *E.g., Matthew Bender & Co.,* 240 F.3d at 122; *Earth Flag Ltd. v. Alamo Flag Co.,* 154 F.Supp.2d 663, 666 (S.D.N.Y.2001). Indeed, a number of courts in this circuit have awarded attorneys' fees to prevailing defendants solely upon a showing that the plaintiff's position was objectively unreasonable, without regard to any other "equitable factor." *See, e.g., Adsani v. Miller,* No. 94 Civ. 9131, 1996 WL 194326, at *12-13, 1996 U.S. Dist. LEXIS 13740, at *41-42 (S.D.N.Y. Sept. 19, 1996).

*Baker*, - - - F.Supp. 2d - - -, 2006 WL 1234966, at *3-*4.

The *Baker* Court held that the equitable factors overwhelmingly weigh in favor of an award of

costs and fees because (1) this lawsuit was motivated by improper considerations, (2) the lawsuit was prosecuted in bad faith, (3) the factual and legal contentions advanced by the plaintiff were either frivolous or objectively unreasonable, and (4) there is a unique need in this case for both compensation and deterrence. Improper Motivation - There is no precise rule to determine what a prevailing party seeking an award of costs and fees needs to establish. *See Fogerty,* 510 U.S. at 534, 114 S.Ct. 1023. However, the presence of improper motivation in bringing a lawsuit or other bad faith conduct weighs heavily in favor of an award of costs and fees. *See Matthew Bender & Co.,* 240 F.3d at 125-27.

The record in *Baker*, like the record of plaintiffs in the instant case and in D. Foster's case, establishes plaintiffs improper motivation and otherwise acted in bad faith in bringing the lawsuit against Mrs. Stubbs and Debbie Foster. First, prior to commencement of this action, plaintiffs knew that Stubbs (like Debbie Foster) did not engage in any infringing conduct and plaintiffs could not have been motivated to file this action to obtain an injunction against Stubbs or D. Foster. Second, Stubbs (like D. Foster) informed plaintiffs very early on that she had no knowledge of any infringement and requested specific details of the alleged infringement. *Baker* at pg. 9  Despite Stubbsw' (and Debbie Foster's) disclosures, plaintiffs refused to dismiss her with prejudice insisting instead that they were entitled to recover sums from her. Plaintiffs were not motivated to file and maintain this lawsuit to recover any profits or any fair and reasonable multiple thereof. Finally, the true motivation for the filing of the instant suit can be gleaned from the evidence in the District Court files in the Foster case and in this case during the relevant time period. Thus rather than pursuing resolution of a fairly minor dispute in good faith, the record

suggests that plaintiffs and their counsel filed and maintained this suit in an attempt to cause

Mrs. Stubbs to incur attorneys fees in excess of $6,000.00 to file an answer with counterclaims

and to respond to two motions to dismiss in an attempt to garner publicity for plaintiffs and their

lawyers. *See, Baker*.Plaintiffs' bad faith motivations may be inferred from the false allegations

against Mrs. Stubbs (like D. Foster) set forth in their complaint. The manifest bad faith alone

entitles Mrs. Stubbs  to a full award of her costs and fees in this case. *Baker*, 2006 WL 1234966,

at * 4. "Objective reasonableness" is a factor that should be given substantial weight in

determining whether an award of attorneys' fees is warranted. *Matthew Bender & Co. v. West

Publ'g Co.,* 240 F.3d 116, 122 (2nd Cir. 2001).  The most obvious example of the unreasonable

nature of plaintiffs' claims is the fact that throughout the course of the action, plaintiffs and their

counsel continued to litigate against Mrs. Stubbs and refused at the earliest time to dismiss their

(unfounded) allegations against  her with prejudice. Compensation and Deterrence factor:

Stubbs, like D. Foster, had no choice but to engage counsel and expend resources to effect the

dismissal with prejudice of plaintiffs' claims.  Under the circumstances the policies behind the

Copyright Act would be violated by requiring Mrs. Stubbs to bear her own costs and fees. ***Def's

Exhibits 1 & 2*** (7-13-06 Order and 4-23-07 Order in favor of D. Foster.

> ***The expense of any letigation [sic] is considerable***. Unless, therefore, some
> provision is made for financial protection to a litigant, if successful, it may not
> pay a party to defend rights, even if valid, a situation opposed to justice.... ***It is
> increasingly recognized that the person who forces another to engage counsel
> to vindicate, or defend, a right should bear the expense of such engagement and
> not his successful opponent*** ....*Fogerty,* 510 U.S. at 529.

## VII.    Conclusion

Wherefore the Court should grant defendant Tallie Stubbs, prevailing party attorneys' fees, costs and expenses under the authorities set forth herein.

Respectfully submitted,
S:/Marilyn D. Barringer-Thomson
Marilyn D. Barringer-Thomson
OBA 11057
Post Office Box 54444
Oklahoma City, OK 73514
Telephone: 405-840-3101
Telecopier: 405-842-3843
          -And-
Warren W. Henson, III
OBA 13084
4901 Richmond Square, Suite 104
Oklahoma City, OK 73118
Telephone: 405-843-3889
Telecopier: 405-843-0322
Counsel for Defendant

### CERTIFICATE OF SERVICE

This is to certify that on this 16th day of July 2007, I electronically transmitted the above and forgoing to the Clerk of the Court using the ECF System for filing. Based on the electronic records current on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the all ECF registrants in this case:

| | | |
|---|---|---|
| Richard Gabriel | Colin G. Martin | Shawn Harrell |
| Amy Bauer | GARDERE WYNNE SEWELL LLP | Charles McLawhorn |
| HOLME ROBERTS & OWEN, LLP | 1601 Elm Street, Suite 3000 | McAFEE & TAFT, P.C. |
| 1700 Lincoln, Suite 4100 | Dallas, Texas 75201-4761 | Tenth Floor, Two Leadership |
| Denver, CO 80203-4541 | Telephone: 214-999-4227 | Square |
| Telephone: 303-861-7000 | Telecopier: 214-999-3227 | 211 North Robinson |
| Telecopier: 303-866-0200 | cmartin@gardere.com | Oklahoma City, OK 73102-7103 |
| Admitted *Pro Hac Vice* | Attorney for Plaintiffs | Telephone: 405-235-9621 |
| Attorney for Plaintiffs | | Telecopier: 405-235-0439 |
| | | Attorney for Plaintiffs |
| | | S:/Marilyn D. Barringer-Thomson |
| | | Marilyn D. Barringer-Thomson |

25