# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

**WARNER BROS. RECORDS INC., et al.,**

        Plaintiffs,

v.

                                   **Case No. Civ-06-00793-VML**

**TALLIE STUBBS,**

        Defendant.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO TALLIE STUBBS' MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

#1264867 v5

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ............................................................................. 1

II.  BACKGROUND ............................................................................. 2

III.  ARGUMENT ............................................................................. 5

    A.  Defendant is not a 'Prevailing Party' Under the Copyright Act. ........................... 5

    B.  Not Only Is Defendant Not A Prevailing Party, But A Review of the Fogerty Factors Demonstrates That Defendant Should Not Be Awarded Fees Under Section 505 ............................................................................. 7

        1.  Defendant is not entitled to attorney fees because Plaintiffs' lawsuit was neither frivolous nor objectively unreasonable. ........................... 8

        2.  Defendant should not be awarded attorney fees because Plaintiffs reasonably acted with the purpose of protecting their copyrights. ........... 11

        3.  Defendant is not entitled to attorney fees because such an award would not promote the purposes of the Copyright Act. ........................... 12

        4.  The cases relied upon by Defendant are easily distinguished from the present case, and the relevant, applicable case law supports Plaintiffs' position that Defendant is not eligible for an award of fees and costs under Section 505 ............................................................................. 13

    C.  Defendant is Not Entitled to Fees Under 17 U.S.C. § 512(f) ........................... 16

IV.  CONCLUSION ............................................................................. 17

#1264867 v5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434 (7th Cir. 2004) ...............14

*BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005) ...........................................................12

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006) ....................................15

*Bell v. Board of County Comm'rs*, 452 F.3d 1097 (10th Cir. 2006) .............................................5

*Berry v. Hawaiian Express Serv.*, 2007 U.S. Dist. LEXIS 15077 (D. Haw. Mar. 2, 2007) ...........5

*Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478 (N.D. Ga. 1997) ................................................8

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615 (6th Cir. 2004) ..................8, 10

*Buckhannon Board & Care Home, Inc. v. West Va. Department of Health & Human Services*, 532 U.S. 598 (2001) .............................................................................................5, 6

*Capitol Records, Inc. v. Foster*, No. 04-1569-W, 2006 U.S. Dist. LEXIS 96349 (W.D. Okla. July 13, 2006) ......................................................................................................13

*Capitol Records, Inc. v. Foster*, No. 04-1569-W, 2007 U.S. Dist. LEXIS 29131 (W.D. Okla. Feb. 6, 2007) ......................................................................................................13

*Capitol Records, Inc. v. O'Leary*, 2006 U.S. Dist. LEXIS 5115 (C.D. Cal. Jan. 31, 2006) ......9, 16

*Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362 (S.D.N.Y. 2003) ........................................6

*In re Columbia University Patent Litigation*, 343 F. Supp. 2d 35 (D. Mass. 2004)........................6

*Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142 (2d Cir. 1984)................................................12

*Dulworth v. Evans*, No. CIV-05-1106-F, 2006 U.S. Dist. LEXIS 70123 (W.D. Okla. Sept. 27, 2006) ........................................................................................................................5

*Elektra Entertainment Group., Inc. v. Perez*, 2006 U.S. Dist. LEXIS 78229 (D. Or. Oct. 25, 2006) .................................................................................................................................6

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ...................................................................1, 7, 8

*Garnier v. Andin International, Inc.*, 884 F. Supp. 58 (D.R.I. 1995) ...........................................8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...........................................................................13

*Herkemij & Partners Knowledge, B.V. v. Ross System, Inc.*, 2006 U.S. Dist. LEXIS 38783 (D. Ga. 2006) .......................................................................................................6

*Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, 33 U.S.P.Q. 2d 1223 (E.D. La. 1994) ...............................................................................................................................11

*Metropolitan-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913 (2005).........2, 3, 4, 12

*Mitek Holdings, Inc. v. Arce Engineering Co.*, 198 F.3d 840 (11th Cir. 1999)............................12

*National Corrective Training Institute, Inc. v. Nelson*, No. 98-4058, 1999 U.S. App. LEXIS 6039 (10th Cir. Apr. 2, 1999) .....................................................................................8

*Newborn v. Yahoo! Inc.*, 391 F. Supp. 2d 181 (D.D.C. 2005)..................................................14

*Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193 (10th Cir. 2005) ...........................7

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996)......................................................................7

*Tig Insurance Co. v. Travelers Insurance Co.*, 2003 U.S. Dist. LEXIS 26844 (D. Or. 2003) ..............................................................................................................................13

*True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d 1093 (D. Ariz. 2005) ................................................................................................................................6

*Virgin Records America, Inc. v. Darwin*, 2006 U.S. Dist. LEXIS 96069 (C.D. Cal. Apr. 17, 2006) ...........................................................................................................................9, 16

#1264867 v5

## STATE CASES

*Oklahoma City*, OK 73118 ...............................................................................................19
*Oklahoma City*, OK 73154 ...............................................................................................19
*Priority Records L.L.C. v. Chan*, 2005 WL. 2277107 (E.D. Mich. May 19, 2005) ................9, 16

## DOCKETED CASES

*Atlantic Recording Corp. v. Heslep*, No. 4:06-cv-132-Y, slip op. at 11 (N.D. Tex. May 16, 2007); *Virgin Records Am., Inc. v. Thompson*, No. SA-06-CA-592-OG, slip op. at 2 (Nov. 30, 2006) ...............................................................................9
*Capitol Records, Inc. v. Foster*, No. 04-1569-W (W.D. Okla.)........................................................2

## FEDERAL STATUTES

17 U.S.C. § 505.................................................................................................................5, 7
17 U.S.C. § 512(f)..........................................................................................................16, 17

## MISCELLANEOUS

*Heslep*, No. 4:06-cv-132-Y, slip op. at 11 .....................................................................11, 12
*Thompson*, No. SA-06-CA-592-OG, slip op. at 3........................................................................16

#1264867 v5

Plaintiffs respectfully respond in opposition to Defendant Tallie Stubbs' ("Defendant's") Motion for an Award of Costs and Attorney's Fees ("Motion") as follows:

## I.    INTRODUCTION

Defendant's Motion seeks an award of costs and fees against Plaintiffs under Section 505 of the Copyright Act. (Mot. at 1). Defendant's Motion should be denied.

First, Defendant is not a "prevailing party" and, thus, is not entitled to fees under Section 505 as a matter of law. As explained below, Plaintiffs' claims against Defendant were dismissed *without* prejudice. Because Plaintiffs' claims were dismissed without prejudice, there was no adjudication on the merits, and Defendant is not a prevailing party under Section 505 as a matter of law. Contrary to Defendant's assertions, Plaintiffs' subsequent provision of a covenant not to sue does not make her a prevailing party. Rather, Plaintiffs' covenant served only to divest the Court of subject matter jurisdiction over Defendant's declaratory judgment counterclaim, which counterclaim the Court dismissed with prejudice.

Second, not only is Defendant not a prevailing party, consideration of the factors set forth in the Supreme Court's decision in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), militates against any award of fees to Defendant. As demonstrated below, Plaintiffs brought this lawsuit in good faith to protect their copyrights. Their claims were neither frivolous nor objectively unreasonable, and Plaintiffs acted reasonably and promptly to dismiss this matter as soon as it became apparent that someone else might be responsible for the infringement at issue. Defendant's actions, by contrast, have been anything but reasonable. Rather than responding to Plaintiffs' offer to discuss this matter, or to provide an affidavit concerning her claim that she is not responsible, Defendant answered the Complaint and sought at every turn to prevent Plaintiffs from dismissing the case. Defendant did so for the sole purpose of building a motion for attorney fees, which is exactly what she is now pursuing.

Third, Defendant's litigation behavior has been directed solely to seeking attorney fees, which is wholly improper.  Rewarding such behavior with an award of attorney fees would be directly contrary to both the purposes of the Copyright Act and public policy, which encourage parties to avoid protracted, unnecessary litigation.

Finally, Defendant's reliance on *Capitol Records, Inc. v. Foster*, No. 04-1569-W (W.D. Okla.), is misplaced.  This case is nothing like *Foster*.  Unlike *Foster*, where the plaintiffs dismissed their claims against the defendant ***with prejudice***, Plaintiffs in this case dismissed their claims against Defendant ***without prejudice***.  Thus, Defendant in this case is not a "prevailing party" under Section 505 and is not entitled to fees or costs under Section 505 as a matter of law. Moreover, the *Foster* decision focused on the plaintiffs' claims of secondary liability for copyright infringement.  No claims of secondary liability were ever raised in this case.

For all of these reasons, as more fully explained below, Defendant's motion for costs and fees under Section 505 should be denied.

## II.     BACKGROUND

Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings.  Collectively, Plaintiffs face a massive problem of digital piracy over the Internet.  Indeed, the United States Supreme Court has characterized the magnitude of online peer-to-peer ("P2P") piracy as "infringement on a gigantic scale." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 940 (2005).  P2P users who disseminate (upload) and copy (download) copyrighted material without authorization from the copyright holder violate the Copyright Act.  *Id.* at 918-924.

It is in this context that Plaintiffs brought the current copyright infringement action against Defendant.  In their original Complaint, Plaintiffs alleged that Defendant infringed (1) their exclusive rights to certain of their copyrighted sound recordings by using an online

2

media distribution system to download the copyrighted sound recordings through the Internet to her computer hard drive; and (2) their exclusive rights to distribute such copyrighted sound recordings by using an online media distribution system to distribute them over the Internet to the millions of others who use P2P networks.  (Compl. ¶ 14).

Plaintiffs had substantial evidence of infringement by Defendant when they filed this lawsuit.  Specifically, on January 18, 2006, Plaintiffs' investigator discovered a P2P infringer using the KaZaA file-sharing program to distribute 830 audio files—many of them Plaintiffs' copyrighted sound recordings—from a KaZaA shared folder to millions of other KaZaA users. The infringer connected to the Internet using the Internet Protocol ("IP") address 68.227.120.206.  Pursuant to a subpoena served by Plaintiffs on Cox Communications, Inc. ("Cox"), Defendant's Internet Service Provider, Cox identified Defendant as the subscriber of record and the individual responsible for IP address 68.227.120.206 on January 18, 2006.

On June 21, 2006, Plaintiffs sent a letter to Defendant in an attempt to resolve the matter before naming her individually in a lawsuit.  (*See* Letter to Tallie Stubbs, dated June 21, 2006, attached hereto as Ex. 1).  The letter advised Defendant that, if she had "an interest in discussing this matter, including settlement, the record companies request that [she] contact their representatives." (*Id.*)  On July 12, 2006, Plaintiffs received a letter from Defendant denying liability and asking for a copy of Plaintiffs' Complaint.  (*See* Letter from Tallie Stubbs, dated July 7, 2006, attached hereto as Ex. 2).

Having failed to make any progress in resolving this matter, Plaintiffs filed this action and sent Defendant a copy of the Complaint along with documents and an explanation of the evidence supporting Plaintiffs' claims.  (*See* Letter to Tallie Stubbs, dated August 4, 2007, attached hereto as Ex. 3).  Plaintiffs again invited Defendant to contact their representatives if

#1264867 v5

she believed someone other than herself was responsible for infringing Plaintiffs' copyrights. (*See id*). Plaintiffs also invited Defendant to provide an affidavit concerning her claim that she was not responsible. Defendant chose not to do so.

With no cooperation or other communication from Defendant, Plaintiffs continued their investigation and ultimately decided to notice the voluntary dismissal of their claims against Defendant. As Plaintiffs accessed the ECF system to file their notice, however, they learned that Defendant, just moments before, had filed an Answer, Counterclaim for Declaratory Judgment, and Declaration in support thereof (Doc. No. 11).

As Defendant points out in her Motion (Mot. at 22), immediately upon receipt of Defendant's declaration, which Plaintiffs' had invited nearly three weeks prior to its filing, Plaintiffs sought again to dismiss their claims against Defendant. (*See* Doc. No. 12). Plaintiffs attempted to contact counsel for Defendant to discuss Plaintiffs' desire to dismiss this matter, but, per her own representation, counsel for Defendant was not responsive. (*See* E-Mail from Marilyn Barringer-Thomson dated August 24, 2006, attached hereto as Ex. 4). In an effort to resolve this matter as expeditiously as possible, Plaintiffs filed a Motion to Dismiss Without Prejudice on August 24, 2006 (Doc. No. 12). On September 11, 2006, rather than agreeing to the dismissal, Defendant filed her Brief in Opposition to Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 16).

On March 13, 2007, the Court granted Plaintiffs' motion to dismiss "all of Plaintiffs' claims against Defendant" in part because "[m]inimal discovery [had] been undertaken in this case, no dispositive motions [had] been properly filed, and the case [was] not scheduled for trial." (Doc. No. 25 at 2, 3).[1] In the same Order, the Court denied Plaintiffs' motion to dismiss

---

[1]    In fact, no discovery has taken place in this case at all.

Defendant's counterclaim for a declaration of non-infringement finding that the Court

maintained jurisdiction over Defendant's counterclaim. (*Id.* at 3). Shortly thereafter, on

March 28, 2007, Plaintiffs renewed their motion to dismiss Defendant's counterclaim and

provided Defendant with a covenant not to sue. (Doc. No. 29). The Court granted Plaintiffs'

renewed motion and dismissed Defendant's declaratory judgment counterclaim *with prejudice*,

holding that the covenant not to sue divested the court of subject matter jurisdiction. (Doc No.

50).

### III.    ARGUMENT

#### A.    Defendant is not a 'Prevailing Party' Under the Copyright Act.

To recover fees under Section 505 of the Copyright Act, a party must be a "prevailing

party." 17 U.S.C. § 505. The United States Supreme Court has determined that a "prevailing

party" can only be one who secured a "judgment on the merits . . . or obtained a court-ordered

consent decree." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human

Servs.*, 532 U.S. 598, 606 (2001); *see also Bell v. Bd. of County Comm'rs*, 452 F.3d 1097, 1103

(10th Cir. 2006) (applying *Buckhannon* in determining that a fee award cannot be based on an

order that merely recognizes the fact of the parties' agreement and dismisses the case because

there is no longer a dispute before it); *Dulworth v. Evans*, No. CIV-05-1106-F, 2006 U.S. Dist.

LEXIS 70123, *5-6 (W.D. Okla. Sept. 27, 2006) (denying prevailing party status, and therefore

fees, where relief resulted from voluntary change in conduct as opposed to an enforceable

judgment or court-ordered consent decree).[2]

---

[2]    In *Buckhannon*, the Supreme Court made it clear that the term "prevailing party"
should be interpreted consistently across federal statutes that authorize fees to a prevailing party.
*See Buckhannon*, 532 U.S. at 602-03 & n. 4; *Berry v. Hawaiian Express Serv.*, 2007 U.S. Dist.
LEXIS 15077, at *61-64 (D. Haw. Mar. 2, 2007) (applying *Buckhannon* to a request for attorney
fees under Section 505 of the Copyright Act).

#1264867 v5

Where, as here, the plaintiff in a copyright case voluntarily dismisses its case against the defendant without prejudice, there has been no adjudication on the merits and there is no "prevailing party" for purposes of Section 505. *See Elektra Entm't Group., Inc. v. Perez*, 2006 U.S. Dist. LEXIS 78229, at *9-10 (D. Or. Oct. 25, 2006) (holding that the plaintiffs' dismissal without prejudice meant that the defendant was "not a prevailing party under § 505") (attached here to as Ex. 5); *Herkemij & Partners Knowledge, B.V. v. Ross Sys., Inc.*, 2006 U.S. Dist. LEXIS 38783, at *18-19 (D. Ga. 2006) (holding that, because the complaint was dismissed without prejudice, the defendant was not a "prevailing party" under the Copyright Act); *Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362, 365 (S.D.N.Y. 2003) (holding that the plaintiffs' voluntary withdrawal of their complaint meant that there was no "judicial determination" of the claims and no prevailing party under Section 505); 2 M. & D. Nimmer, NIMMER ON COPYRIGHT § 14.10 [B].

To the extent that Defendant attempts to argue that Plaintiffs' provision of a covenant not to sue renders her a prevailing party despite dismissal of Plaintiffs' claims without prejudice, this argument is without merit. Several courts have held that a covenant not to sue does not provide a declaratory judgment claimant with relief on the merits of their claim, and therefore does not render such a claimant a prevailing party under a fee-shifting statute. *See True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*, 402 F. Supp. 2d 1093, 1101 (D. Ariz. 2005) (holding that, despite the provision of a judicially enforceable covenant not to sue by a patent holder, the declaratory judgment claimant was accorded no judicial relief and, therefore, was not a prevailing party within the meaning of the fee shifting statute); *see also In re Columbia Univ. Patent Litig.*, 343 F. Supp. 2d 35, 49 (D. Mass. 2004) (*citing Buckhannon*, 532 U.S. at 605) (finding that, "[w]hile a [patent holder's] covenant not to sue is a form of voluntary conduct that

accomplishes the major part of what the [declaratory judgment] plaintiffs sought to achieve

....they have received no relief from the court on the merits of their claims...[and] are, therefore,

not prevailing parties for the purposes of §285").

It is simply inconceivable that Defendant could be a prevailing party under the

circumstances of this case. As discussed above, Plaintiffs sought a voluntary dismissal of the

case just one day after Defendant filed her answer. There has been no discovery of any kind, and

no order from the Court that comes close to an adjudication on the merits.

Because Plaintiffs voluntarily dismissed their case against Defendant without prejudice,

there has been no adjudication on the merits, and Defendant is not a prevailing party as a matter

of law. Accordingly, Defendant is not eligible for an award of fees under Section 505 of the

Copyright Act.

**B.**      **Not Only Is Defendant Not A Prevailing Party, But A Review of the Fogerty Factors Demonstrates That Defendant Should Not Be Awarded Fees Under Section 505.**

The Copyright Act provides that a prevailing party *may* be awarded attorney fees.

17 U.S.C. § 505. A prevailing party is not automatically awarded fees, however, because fees

are to be awarded only as a matter of the Court's discretion and only when equity requires such

an award. *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 533-34 (1994).

In *Fogerty*, the Supreme Court set forth four factors for the district courts to consider in

determining whether to award attorney fees to a prevailing party in a copyright case: (1) the

frivolousness of the action, (2) the plaintiff's motivation, (3) the objective unreasonableness

(factual and legal) of the claims and defenses, and (4) the need to advance considerations of

compensation and deterrence. *Fogerty*, 510 U.S. at 533-34; *see also Smith v. Jackson*, 84 F.3d

1213, 1221 (9th Cir. 1996) (applying the *Fogerty* factors and denying attorney fees to a

prevailing party); *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200-01 (10th

7

Cir. 2005) (affirming district court's denial of attorney fees to defendant); *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 626 (6th Cir. 2004) (same); *Nat'l Corrective Training Inst., Inc. v. Nelson*, No. 98-4058, 1999 U.S. App. LEXIS 6039, at *3-4 (10th Cir. Apr. 2, 1999) (same).  However, "there is no precise rule or formula for [determining whether a fee award is appropriate], and equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty*, 510 U.S. at 534.  The overriding consideration is whether such an award would further the purposes of the Copyright Act.  *Bridgeport Music*, 376 F.3d at 626.

Applying the *Fogerty* factors here, even if Defendant could be deemed a prevailing pary, which she cannot, the Court should deny Defendant's demand for an award of fees under Section 505 of the Copyright Act.

**1.  Defendant is not entitled to attorney fees because Plaintiffs' lawsuit was neither frivolous nor objectively unreasonable.**

Defendant's demand for fees fails the first and third *Fogerty* factors because Plaintiffs' lawsuit was neither frivolous nor objectively unreasonable.  At the time that this action was filed, Plaintiffs had substantial reason to believe that Defendant engaged in the acts of infringement at issue.  *See Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1483 (N.D. Ga. 1997) ("At the time that Plaintiffs filed the action, the court believes that it was clearly reasonable for Plaintiffs to think that Defendants' conduct may have violated the Copyright Act by copying from Plaintiffs' original books."); *Garnier v. Andin Int'l, Inc.*, 884 F. Supp. 58, 62 (D.R.I. 1995) (holding that the "reasonableness" of a plaintiff's position is determined as of the time the litigation is initiated).

Specifically, as more fully set forth above, Plaintiffs discovered substantial copyright infringement by a P2P infringer using the KaZaA file-sharing program.  Subsequently, pursuant to a federal court subpoena served by Plaintiffs, Cox advised Plaintiffs that the infringer was using an Internet account for which Defendant, Tallie Stubbs, was responsible.  When confronted

8

with these facts prior to this litigation, Defendant never denied that the Internet account belonged to her, and she provided nothing more than a naked denial of liability. Plaintiffs respectfully submit that these facts provided more than ample basis for the allegations in Plaintiffs' Complaint against Defendant, and multiple federal courts have so held in other cases brought by record companies that are factually and legally similar to the present case. *See, e.g., Atlantic Recording Corp. v. Heslep*, No. 4:06-cv-132-Y, slip op. at 11 (N.D. Tex. May 16, 2007) (finding that, despite Defendant's sworn denial of responsibility, information indicating that the IP address used to access the internet was traced to an ISP accounted controlled by the defendant was sufficient evidentiary support for plaintiffs' claim of copyright infringement) (attached hereto as Ex. 6); *Virgin Records Am., Inc. v. Thompson*, No. SA-06-CA-592-OG, slip op. at 2 (Nov. 30, 2006) (holding that the plaintiffs' lawsuit was neither frivolous nor prosecuted with malevolent intent because the plaintiffs had discovered "substantial copyright infringement of their songs by a file-sharing program attached to an internet account registered to [defendant]") (attached hereto as Ex. 7); *Virgin Records Am., Inc. v. Darwin*, 2006 U.S. Dist. LEXIS 96069, at *9 (C.D. Cal. Apr. 17, 2006) ("[I]t was not frivolous for plaintiffs to initiate a lawsuit against defendant, whom Cox identified.") (attached hereto as Ex. 8); *Capitol Records, Inc. v. O'Leary*, 2006 U.S. Dist. LEXIS 5115, at *4 (C.D. Cal. Jan. 31, 2006) (holding that "Plaintiffs were reasonable in bringing an action against [defendant] because the Internet account used to commit the alleged infringement was registered in her name only.") (attached hereto as Ex. 9); *Priority Records L.L.C. v. Chan*, 2005 WL 2277107, at *2 (E.D. Mich. May 19, 2005) (holding that plaintiffs' lawsuit against "the registered user for the IP address from which the allegedly improper downloading and file sharing occurred" was proper) (attached hereto as Ex. 10).

9

Furthermore, the litigation tactics employed by both parties are relevant to determining objective unreasonableness under *Fogerty*. *See Bridgeport Music*, 376 F.3d at 627-28.  In this case, Plaintiffs made clear to Defendant from the outset that they were interested only in suing the proper party, and Plaintiffs repeatedly communicated their willingness to dismiss Defendant if Defendant was not the right party.  Defendant, however, steadfastly refused to cooperate with Plaintiffs, offering nothing but bare denials and otherwise refusing to communicate with Plaintiffs.  Plaintiffs respectfully submit that these facts demonstrate that their litigation tactics were reasonable and undertaken in good faith.

Contrary to Defendant's representations, Plaintiffs have taken every reasonable step to avoid and end this litigation.  Plaintiffs encouraged Defendant to participate in a discussion of this matter as early as June 21, 2006.  After receiving nothing more than a general denial of liability from Defendant, despite compelling evidence of infringement, Plaintiffs filed their Complaint.  Plaintiffs also asked Defendant to contact them to discuss the matter and suggested that Defendant provide an affidavit concerning her denial of liability.  Without ever contacting Plaintiffs, or requesting any extension of time to respond, which Plaintiffs would have agreed to, Defendant filed her Answer.  Only then did Defendant submit a declaration concerning her denial of responsibility.  Lastly, when asked if she would stipulate to a dismissal of Plaintiffs' claims without prejudice, Defendant refused, choosing instead to prolong this litigation unnecessarily, in an obvious attempt to build the motion for fees presently before the Court.

The fact is that it is Defendant's tactics that show why an award of attorneys' fees to Defendant would be inappropriate here.  Defendant unreasonably prolonged this litigation at every step, even to the point of vigorously opposing Plaintiffs' efforts to dismiss their claims against her and then insisting on pursuing her declaratory judgment counterclaim for the sole

10

#1264867 v5

purpose of building a fees motion. Additionally, although Defendant repeatedly argues that Plaintiffs were provided information early in the case that exonerated her, that is simply not the case, and Defendant offers no evidence to support such a statement. Indeed, as noted above, despite their requests, Plaintiffs never received anything from Defendant other than a general, unverified denial of liability until the time Defendant filed her Answer and Declaration simultaneously. A copyright Plaintiff cannot be required to choose between abandoning its claim of infringement or facing a fees motion every time it receives a bald, unverified denial of responsibility.

Plaintiffs respectfully submit that the circumstances of this case demonstrate that Plaintiffs' actions were neither frivolous nor objectively unreasonable. Accordingly, the first and third *Fogerty* factors militate against any award of fees to Defendant.

> **2. Defendant should not be awarded attorney fees because Plaintiffs reasonably acted with the purpose of protecting their copyrights.**

Consideration of the second *Fogerty* factor—the plaintiff's motivation for filing the lawsuit—further demonstrates that an award of attorney fees would not be appropriate here. Plaintiffs brought this action in an effort to protect their copyrights. *See Heslep*, No. 4:06-cv-132-Y, slip op. at 11 (holding that Plaintiffs "brought this lawsuit not for the purposes of harassment or to extort [the defendant] . . . , but, rather, to protect their . . . copyrights from infringement and to help . . . deter future infringement"). Indeed, it is not disputed that substantial copyright infringement occurred here. Moreover, Plaintiffs' case is entirely "faithful to the purposes of the Copyright Act." *See Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, 33 U.S.P.Q.2d 1223, 1224 (E.D. La. 1994) (holding that it would be inconsistent with the purposes of the Copyright Act to "deter plaintiffs . . . from bringing suits when they have a reason to believe, in good faith, that their copyrights have been infringed").

11

The United States Supreme Court has characterized the problem of online piracy through P2P networks as copyright infringement on "a gigantic scale" that directly harms Plaintiffs. *See Grokster*, 545 U.S. at 940; *see also BMG Music v. Gonzalez*, 430 F.3d 888, 890 (7th Cir. 2005) (noting that an illegally downloaded sound recording "is a direct substitute for a purchased copy"); *Heslep*, No. 4:06-cv-132-Y, slip op. at 11 (stating that "Plaintiffs face a formidable task in trying to police the internet in an effort to reduce or put a stop to the online piracy of their copyrights."). Defendant can present no evidence to suggest that Plaintiffs had any motivation for bringing this lawsuit other than to protect their copyrights, because there is no such evidence. Plaintiffs' motivation in bringing this lawsuit was proper, and to award attorney fees to Defendant on the facts presented here would run counter to the settled policy of encouraging injured copyright holders to act reasonably to protect their interests.

> **3.    Defendant is not entitled to attorney fees because such an award would not promote the purposes of the Copyright Act.**

The fourth *Fogerty* factor—whether an award of attorney fees is necessary to, or would further, the interests of compensation or deterrence—likewise favors Plaintiffs. The "principal purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them." *Diamond v. Am-Law Publ'g Corp.*, 745 F.2d 142, 147 (2d Cir. 1984). The imposition of a fee award against a copyright holder with an objectively reasonable claim will not promote the purposes of the Copyright Act. *See Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (reversing award of fees to defendant and holding that "[t]he touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses") (quoting *Fogerty*, 510 U.S. at 526-27).

12

In this case, Plaintiffs brought objectively reasonable claims in the interest of protecting

valid copyrights. Defendant's litigation behavior, by contrast, has been directed solely to

seeking attorney fees, which is wholly improper. *See Hensley v. Eckerhart*, 461 U.S. 424, 437

(1983) (district courts must consider whether the fees incurred resulted from proceedings which

were unnecessarily protracted); *Tig Ins. Co. v. Travelers Ins. Co.*, 2003 U.S. Dist. LEXIS 26844,

*26 (D. Or. 2003) (declining to award fees unnecessarily incurred by rejecting settlement offer

that would have favorably concluded the duty to defend). There is no need to deter Plaintiffs'

conduct, and there is certainly no basis for compensating Defendant for conduct that

intentionally and unnecessarily prolonged these proceedings for the purpose of building a motion

for fees.

4.     **The cases relied upon by Defendant are easily distinguished from the present case, and the relevant, applicable case law supports Plaintiffs' position that Defendant is not eligible for an award of fees and costs under Section 505.**

Defendant's Motion relies almost exclusively on *Capitol Records, Inc. v. Foster*, No. 04-

1569-W, 2007 U.S. Dist. LEXIS 29131 (W.D. Okla. Feb. 6, 2007) (attached hereto as Ex. 11).

*Foster*, however, has no application here because this case is nothing like *Foster*.

First, and most importantly, the defendant in *Foster* was deemed a prevailing party under

Section 505 of the Copyright Act because Plaintiffs' claims against her were dismissed *with*

*prejudice*. *See Capitol Records, Inc. v. Foster*, No. 04-1569-W, 2006 U.S. Dist. LEXIS 96349,

*12-13 (W.D. Okla. July 13, 2006) (attached hereto as Ex. 12). Here, by contrast, Plaintiffs'

case against Defendant was dismissed *without prejudice*. Thus, as explained above, Defendant

is not a prevailing party as a matter of law and is not eligible for fees or costs under Section 505.

Second, a reading of the *Foster* decision demonstrates that the court's primary reason for

awarding fees was its belief that the plaintiffs in that case had not offered evidence to

substantiate their claim of secondary liability against the defendant, even though the plaintiffs

there had dismissed their claims at the pleading stage. (*See* Ex. 11 at \*10-11). No such concern

exists in this case because Plaintiffs never brought any claim of secondary liability against

Defendant. Therefore, Plaintiffs respectfully submit that the facts of *Foster* are easily

distinguished from the facts of this case, and *Foster* provides no basis for an award of fees to

Defendant.[3]

In addition to *Foster*, Defendant relies heavily on three cases, all of which are

inapplicable to the present case. First, Defendant devotes nearly three pages of her brief to a

discussion of *Newborn v. Yahoo! Inc.,* 391 F. Supp. 2d 181 (D.D.C. 2005), in support of her

argument that the Copyright Act authorizes the Court to award attorneys' fees to the prevailing

party. (Mot. at 15-18). *Newborn*, however, is not relevant because, as previously discussed,

Defendant is not a prevailing party. Moreover, *Newborn* focuses on the requirements for

establishing a claim of contributory copyright infringement. Plaintiffs, however, did not bring a

claim for contributory infringement in this case.

Second, Defendant inserts lengthy quotes from *Assessment Technologies of WI, LLC v.*

*Wiredata, Inc.*, 361 F.3d 434 (7th Cir. 2004), to support her position that fees should be awarded

to her as a prevailing party because she did not obtain an award of damages. (Mot. at 20).

Again, however, Defendant is not a prevailing party, and, therefore, she is not entitled to an

award of fees under Section 505. In addition, the court in *Assessment* based its award of fees, in

part, on its finding that the non-prevailing plaintiff's suit was "marginal" because it was an

"attempt of a copyright owner to use copyright law to block access to data that not only are

---

[3]   In addition to being easily distinguished from the facts of this case, Plaintiffs also
respectfully submit that the *Foster* court's assumption that there was no factual basis for the
plaintiffs' secondary liability claims in that case is not supported by the record in that case and is
also inconsistent with earlier findings by the *Foster* court. *See, e.g.,* Ex. 12 at \*11, 14 finding
that the allegations in Plaintiffs' Amended Complaint were not frivolous or objectively
unreasonable.

neither copyrightable nor copyrighted, but were not created or obtained by the copyright owner."
*Id.* at 437. Conversely, in the present matter, Defendant has not and could not argue that
Plaintiffs' suit is "marginal," or that the sound recordings the Plaintiffs seek to protect are not
subject to valid copyrights that Plaintiffs own. Lastly, Defendant relies on *Baker v. Urban
Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006), to support her contentions that Plaintiffs'
claims stem from purported improper motivation, were prosecuted in bad faith, were allegedly
frivolous and unreasonable. (Mot. at 22-23). This case, however, is nothing like *Baker*. In
*Baker*, the court found an award of fees appropriate where the plaintiff pursued expensive, time
consuming copyright infringement litigation against a defendant who utilized a single
photograph in violation of plaintiff's copyright. *See Baker*, 431 F. Supp. 2d at 355. Conversely,
and contrary to Defendant's representations, Plaintiffs have made every effort to dismiss their
claims against Defendant despite substantial evidence suggesting that Defendant infringed the
copyrights of not one, but hundreds of Plaintiffs' sound recordings. As set forth above,
Plaintiffs' motivation was proper, their claims were brought, and dismissed, in good faith, and
were not frivolous or objectively unreasonable. Furthermore, here, Plaintiffs filed a voluntary
motion to dismiss on August 24, 2006 (Doc. No. 12), one day after Defendant filed her Answer
and Counterclaim. Since that time, Plaintiffs have done nothing that could remotely be
characterized as pursuing claims or continuing to litigate as Defendant asserts (Mot. at 24). In
fact, it was Defendant who persisted in pursuing her declaratory judgment counterclaim, despite
Plaintiffs' voluntary dismissal of their claim, until that counterclaim was dismissed with
prejudice by the Court. (Doc. Nos. 12 and 29). This case is not at all similar to *Baker*.

In several cases with factual scenarios similar to this case, by contrast, courts have
applied the *Fogerty* factors and other relevant case law and have declined to award fees against

the record company plaintiffs.  For example, the courts in *Thompson*, *Darwin*, *O'Leary*, and

*Chan*, the courts all found that the plaintiff record companies had acted appropriately in their

efforts to pursue claims only against those individuals responsible for copyright infringement and

rejected the respective defendants' claims for attorney fees.  *See Thompson*, No. SA-06-CA-592-

OG, slip op. at 3 (holding that an award of fees to defendant "would not advance considerations

of compensation or deterrence"); *Darwin*, 2006 U.S. Dist. LEXIS 96069, at *15 ("[D]efendant

fails to show that the Court should exercise its discretion and award attorneys' fees based on the

*Fogerty* factors even though defendant is the prevailing party."); *O'Leary*, 2006 U.S. Dist.

LEXIS 5115, at *4 ("[I]t is clear that Plaintiffs were only interested in one thing: knowing who

was allegedly infringing their copyrights so they could bring an action against that person.");

*Chan*, 2005 WL 2277107, at *2 ("To the extent [Defendant] has incurred legal fees in this action,

such fees are primarily the result of tactics designed to impede the ability of Plaintiffs to

prosecute this action in an efficient manner.").  For the same reasons that each of those courts

denied the defendants' motions for attorney fees in those cases, as well as for the reasons set

forth above, this Court should deny Defendant's motion for fees here.

## C.     Defendant is Not Entitled to Fees Under 17 U.S.C. § 512(f)

In her Motion, Defendant asserts entitlement to fees under the Digital Millennium

Copyright Act, 17 U.S.C. § 512(f).  Section 512(f), however, has nothing to do with this case and

does not provide a basis for Defendant's motion.

Section 512 provides limitations on liability to Internet Service Providers ("ISP") that

transmit or store copyrighted materials or that host websites that contain postings of copyrighted

materials.  17 U.S.C. § 512(a)-(c).  Section 512(c), for example, sets out a notification procedure

that can be used to request that an ISP remove allegedly infringing material from a web page,

and limits the liability of any ISP that complies with proper notification.  17 U.S.C. § 512(c)(1).

16

#1264867 v5

Section 512(f), the Section on which Defendant relies, provides for an award of damages, including costs and attorney fees, to any ISP that relies on false claims of infringement "in removing or disabling access to the material or activity claimed to be infringing." 17 U.S.C. § 512(f).  Section 512(f) has no application here because Defendant is not an ISP and cannot claim that she relied on any representation from Plaintiffs in removing or disabling access to any infringing material.  Accordingly, Defendant's request for attorney fees under Section 512(f) should be denied.

## IV.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court deny Defendant's motion for costs and attorney fees.

Respectfully submitted,

By:   s/ Colin G. Martin
      Colin G. Martin
      OK Bar Number 19165
      Attorney for Plaintiffs
      GARDERE WYNNE SEWELL LLP
      1601 Elm Street, Suite 3000
      Dallas, Texas 75201-4761
      Telephone:  (214) 999-4227
      Fax:  (214) 999-3227
      cmartin@gardere.com

OF COUNSEL:

Stacy R. Obenhaus
Texas Bar No. 15161570
Geoffrey H. Bracken
Texas Bar No. 02809750
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Tel: 214-999-3000

#1264867 v5

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

MARILYN BARRINGER-THOMSON
P.O. Box 54444
Oklahoma City, OK 73154

and

WARREN W. HENSON, III
4901 Richmond Square, Suite 104
Oklahoma City, OK 73118

*Attorneys for Defendant*

/s/  Colin G. Martin

18

#1264867 v5